IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

David Anthony Babb,                        )
                                           )    C.A. Nos.  6:97-1553-HMH
                        Plaintiff,         )              7:98-2126-HMH
                                           )
        vs.                                )    **MEMORANDUM OF DECISION**
                                           )
United States Drug Enforcement Agency,     )
                                           )
                        Defendant.         )

This matter is before the court on remand from the United States Court of Appeals for the Fourth Circuit.  On August 26, 2005, the Fourth Circuit vacated this court's judgment which ordered the Government to return $57,960 in cash seized ("seized money") from David Anthony Babb ("Babb") to him.  Babb v. United States Drug Enf. Agency, Nos. 04-1528, 04-1902, 2005 WL 2053349, at *8 (4th Cir. Aug. 26, 2005) (unpublished). The Fourth Circuit found that this court had "prematurely ordered that the currency be returned to Babb without determining whether he was lawfully entitled to it."  Id.  The court noted that "[t]he government may . . . settle the issue of title to the confiscated property as a defendant or respondent in an equitable proceeding brought by the claimant for the return of the property."  Id. at *3 (citing United States v. Minor, 228 F.3d 352, 355-57 (4th Cir. 2000)).

In an order filed November 21, 2005, this court notified Babb that he had fifteen days to initiate an equitable proceeding to seek recovery of the seized money.  Babb filed a motion for the return of the money on December 6, 2005, contending that he "has a lawful right of possession of the seized money because it was and is his personal property, and the

1

money has not been connected to any criminal offense by any competent, admissible evidence." (Mot. Return Property 2.) The Government responded to Babb's motion on December 22, 2005, and moved for a judgment of forfeiture the same day. Babb replied on January 13, 2006. On February 2, 2006, the court notified the parties that it would hold an evidentiary hearing, and on February 27, 2006, the court held a hearing to assist in determining whether Babb is lawfully entitled to have the seized money returned. Neither the Government nor Babb had witnesses testify at the hearing, but both submitted documents to be added to the evidentiary record. The Government introduced the transcripts of Babb's deposition, taken January 26, 2001, and of the non-jury trial held in civil action number 7:98-2126-HMH, which occurred on March 21, 2001, into evidence. Babb introduced a police report and DEA documentation concerning the seizure of the money into evidence.

After consideration of all of the relevant evidence of record and the arguments of the parties, the court now declares its findings of fact and conclusions of law. Should a finding of fact constitute a conclusion of law, or vice versa, the court adopts it as such and directs that it be treated accordingly.

## I. FINDINGS OF FACT

1.    On June 4, 1991, Babb was apprehended in an investigation by police officers in Spartanburg, South Carolina, for allegedly seeking to purchase fifty pounds of marijuana. The Government seized $57,960 from Babb on June 4, 1991, after Babb arrived at the scene in Spartanburg, South Carolina, where the drug transaction was to occur.

2.    The Drug Enforcement Agency ("DEA") initiated administrative forfeiture proceedings in October 1993 under 19 U.S.C. § 1621 by mailing notice to Babb at

his father's residence and publishing notice in <u>USA Today</u>. The DEA obtained an administrative forfeiture of the seized money.

3.   Babb filed a complaint in civil action number 6:97-1553-HMH on May 30, 1997, challenging the administrative forfeiture of the seized money. The court found that Babb never received actual notice of the forfeiture because he was in federal custody at the time the DEA attempted to notify him, and the administrative forfeiture was thus void. The court directed the Government either to return the seized money or to file a judicial forfeiture action. The United States Court of Appeals for the Fourth Circuit affirmed on appeal. <u>Babb v. U.S. Drug Enf. Agency</u>, No. 98-2074, 1999 WL 31159 (4th Cir. Jan. 26, 1999) (unpublished).

4.   The Government initiated its judicial forfeiture action on July 22, 1998, in civil action number 7:98-2126-HMH. Babb challenged the judicial forfeiture action on the grounds that it was barred by the statute of limitations. The court determined that the statute of limitations was equitably tolled, and found that the Government was entitled to judicial forfeiture of the seized funds.

5.   Babb appealed, and the Fourth Circuit found that equitable tolling should not be applied. Hence, the Fourth Circuit reversed "the district court's order granting the United States all right, title, and interest in the defendant [sic] currency," and remanded the case. <u>United States v. Babb</u>, No. 01-1707, 2003 WL 23424, at *2 (4th Cir. Jan. 3, 2003) (unpublished).

6.   Following the Fourth Circuit's reversal of the judicial forfeiture action, Babb moved in civil action number 6:97-1553-HMH for a return of the seized money as well as interest and attorney's fees. The court granted Babb's motion for return of the

3

seized money, but denied Babb's motion for interest and attorney's fees.

7.  Babb appealed, and the Government cross-appealed. The Fourth Circuit reversed, finding that the court "prematurely ordered that the currency be returned to Babb without determining whether he was lawfully entitled to it." <u>Babb</u>, 2005 WL 2053349, at *8.

## II. Conclusions of Law

1.  "When the government seizes property connected to a narcotics offense, 'it holds an unperfected right to title to it, and ownership will retroactively vest in the government from the time the illegal act was committed upon a judicial quieting of title to the property in favor of the government.'" <u>Babb</u>, 2005 WL 2053349, at *4 n.4 (quoting <u>United States v. Clymore</u>, 245 F.3d 1195, 1200 (10th Cir. 2001)).

2.  "The government may . . . settle the issue of title to the confiscated property as a defendant or respondent in an equitable proceeding brought by the claimant for the return of the property." <u>Babb</u>, 2005 WL 2053349, at *3 (citing <u>Minor</u>, 228 F.3d at 355-57; <u>Alli-Balogun v. United States</u>, 281 F.3d 362, 371 (2d Cir. 2002); <u>Clymore</u>, 245 F.3d at 371). "The standard of proof [applicable to such an equitable proceeding] is a preponderance of the evidence." <u>United States v. Maez</u>, 915 F.2d 1466, 1468 (10th Cir. 1990).

### Babb's Initial Threshold Burden

3.  "[A] party who claims that the government must return seized property still must demonstrate lawful entitlement to the property and an equitable right to its return. Even when the claimant does not face the more daunting task of challenging

4

forfeiture, he must make at least a threshold showing of lawful entitlement." <u>Babb</u>, 2005 WL 2053349, at *4 (citing <u>Maez</u>, 915 F.2d at 1468). "Usually, this showing is minimal, as 'the person from whom the property was seized is presumed to have a right to its return.'" <u>Id.</u> (quoting <u>United States v. Chambers</u>, 192 F.3d 374, 377 (3rd Cir. 1999)). After consideration of the evidence on the record, the court finds that Babb possessed the money before it was seized on June 4, 1991. "[Babb's] pre-seizure possession of the money establishes a prima facie case that he is entitled to it." <u>Maez</u>, 915 F.2d at 1468.

<u>The Government's Burden After Babb Meets His Initial Burden</u>

4. Because Babb meets the prima facie burden, "[t]he burden . . . shifts to the government, which must 'demonstrate that it has a legitimate reason to retain the property.'" <u>Babb</u>, 2005 WL 2053349, at *3 (quoting <u>Chambers</u>, 192 F.3d at 377).

5. "The government meets this burden if, 'at a hearing on the . . . civil equitable motion, [it] establishes that the property is [21 U.S.C.] § 881(a) property--i.e., proceeds traceable to illegal drug transactions.'" <u>Id.</u> (quoting <u>Alli-Balogun</u> 281 F.3d at 372).

6. At the hearing held on February 27, 2006, the Government introduced Babb's deposition transcript, which was taken in the forfeiture action on January 26, 2000. The Government also introduced the non-jury trial transcript in the forfeiture action, which occurred on March 21, 2001. The evidence contained in these exhibits is overwhelming that the seized money is "traceable" to an illegal drug transaction. <u>See</u> <u>id.</u>

5

7.    Babb was present at the hearing and was represented by counsel.  Babb elected not to

testify.  Although Babb argued his position, Babb failed to identify or introduce

<u>evidence</u> showing that he was lawfully entitled to the money.  Rather, the only

materials Babb offered into evidence were a police report and documentation from

the DEA that further support – not undermine – the court's conclusion that the seized

money was linked to an illegal drug transaction.  Therefore, the court concludes that

the Government has met its burden in showing that the seized money is traceable to a

drug transaction, and thus Babb is not entitled to its return.

Innocent Owner Exception

8.    Given the Government's successful showing that the seized money was lawfully

seized, Babb would be entitled to the return of the seized money only if he is "an

innocent owner" of the money.  <u>Id.</u> at *4.  Babb may establish that he is an

"innocent owner" if the forfeiture was "by reason of any act or omission established

by that owner to have been committed or omitted without the knowledge or consent

of that owner."  <u>Id.</u> at *4 n.5 (citing 21 U.S.C. § 881(a)(6) (West 1999); <u>United

States v. Federal Nat'l Mortgage Ass'n</u>, 946 F.2d 264, 265 (4th Cir. 1991)).

Because Babb has not shown that he was an innocent owner of the seized money, he

is not entitled to its return.

6

It is therefore

**ORDERED** that Babb's motion for the Government to return the seized money,

document number 68 in civil action number 6:97-1553-HMH and number 130 in civil action

number 7:98-2126-HMH, is denied, and title to the seized money is quieted in favor of the

Government.  It is further

**ORDERED** that the Government's motion for a judgment of forfeiture, document

number 73 in civil action number 6:97-1553-HMH and number 135 in civil action number

7:98-2126-HMH, is denied as moot.

**IT IS SO ORDERED.**


s/ Henry M. Herlong, Jr.
United States District Judge

Greenville, South Carolina
February 27, 2006